IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHROCIA WADDELL, ) | |
| ) | |
| Plaintiff, ) | 8:05cv61 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| PETER SPATT, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court on the following pending motions: (1) filing no. 8, the Motion to Dismiss filed by defendant-Peter Spatt, M.D.; (2) filing no. 14, the Motion to Dismiss, or, in the Alternative, to Transfer, filed by defendant-Argus Home Health Care; and (3) filing no. 19, the Motion to Dismiss, or, in the Alternative, to Transfer, filed by defendant-Exempla Lutheran Medical Center.  The plaintiff, Chrocia Waddell, alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The defendants are located in Colorado, and the plaintiff resides in Nebraska.  The plaintiff seeks damages in the minimum amount of $250 million, claiming that the defendants, all health care providers, caused the death of the plaintiff's mother, Donna Waddell, on February 12, 2004, in Colorado.

    Each defendant asserts that this court lacks personal jurisdiction over the defendant, and all persuasively argue that this case has no connection with the forum, except that the plaintiff resides in Nebraska.   The plaintiff has not responded to any of the pending motions.

    The Due Process Clause of the United States Constitution prevents this court from entering a judgment against a person or entity that has no known contacts with the forum. Whether a federal court has personal jurisdiction over a nonresident defendant involves a two-part inquiry: (1) do the facts presented satisfy the forum state's long-arm statute and (2) does the nonresident defendant have sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the United States Constitution.  The relevant long-arm statute is Neb. Rev. Stat. § 25-536.  The reach of the Nebraska long-arm statute is limited only by the constitutional constraints imposed by due process.  Oriental Trading Co. v. Firetti, 236 F.3d 938, 943 (8th Cir. 2001); Peterson v. Crown Financial Corp., 435 F. Supp. 901, 902 (D. Neb. 1977), *citing* Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co., 558 F.2d 450 (8th Cir. 1977).  When, as in this case, a long-arm statute confers jurisdiction to the extent permitted by the Due Process Clause, the district court is to proceed directly to the constitutional analysis.  Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).

"Personal jurisdiction ... 'represents a restriction on judicial power ... as a matter of individual liberty.'" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation omitted). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985), *citing* International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due process requires that a defendant have "minimum contacts" with the forum state such that maintenance of a suit against the defendant in the forum does not offend "'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

A nonresident defendant's connection with the forum state must be sufficient that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985), *quoting* Hanson v. Denckla, 357 U.S. 235, 253 (1958). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. at 475.

"The validity of assertion of jurisdiction over a nonconsenting defendant who is not present in the forum depends upon whether 'the quality and nature of [the defendant's] activity' in relation to the forum ... renders such jurisdiction consistent with "traditional notions of fair play and substantial justice."'" Burnham v. Superior Court of California, 495 U.S. 604, 618 (1990) (citation omitted). The Eighth Circuit has established "a five-factor test--the first three factors being the most important--to determine the sufficiency of the defendant's contacts. Those five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts;[1] (4) the interest of the forum state in providing a forum for its residents; and

---

[1]The third factor determines whether the jurisdiction is specific or general. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there," the defendant has received fair warning of the likelihood of being haled into a forum court "if the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted).

"'Specific' jurisdiction contrasts with 'general' jurisdiction, pursuant to which 'a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the

(5) convenience of the parties." <u>Epps v. Stewart Information Services Corp.</u>, 327 F.3d 642, 648 (8th Cir. 2003).

In the present action, the plaintiff alleges no contacts of any kind between the defendants and the forum, and the defendants have presented uncontroverted evidence that no such contacts exist.

The defendants' motions to dismiss (filing nos. 8, 14 and 19) will be granted because the court lacks personal jurisdiction over the defendants. A separate judgment will be entered dismissing the plaintiff's complaint and this action without prejudice.

SO ORDERED.

DATED this 14th day of June, 2005.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

---

defendant's contacts with the forum.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473 n.15 (1985). In other words, general jurisdiction contemplates "situations ... in which a nonresident defendant's contacts with a forum state may be so substantial and continuous as to justify jurisdiction over that defendant even though the cause of action is 'entirely distinct from those activities.'" <u>Epps v. Stewart Information Services Corp.</u>, 327 F.3d 642, 648 (8th Cir. 2003). Thus, "a defendant may be subject to the forum state's exercise of general jurisdiction if contacts with the state are continuous and systematic," in which case, "the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state." <u>Id</u>.